In the Southern District of South Mississippi
United States District Court for

Octavia Jermaine Winters (Plaintiff)

V.

Harrison County Sheriff Dept., Sheriff Matt Haley, Investigator Pennington, Harrison County Insurance Company (whomever that may be), as well as all unknown deputies whom participated in the 4/3/25 search & seizure of the 2013 Lexus. (Defendants)

Civil Action Cause #: N/A
1:25cv134 LG-BWR

**Complaint**

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY 09 2025
ARTHUR JOHNSTON
BY_____ DEPUTY

### Jurisdiction & Venue

This is a civil action authorized by 42 U.S.C. section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. section 1331, & 1343 (a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 & 2202. Plaintiffs claims for injunctive relief are authorized by 28 U.S.C. section 2283 & 2284 & Rule 65 of the Federal Rules of Civil Procedure.

The Southern District of Mississippi is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

Plaintiff, Octavia Jermaine Winters, is and was at all times mentioned herein a prisoner of the State of Mississippi in the custody of the Mississippi Department of Corrections. He is currently confined in the Harrison County Jail, in Gulfport, Mississippi.

Defendant, Sheriff Matt Haley is the Sheriff of the Harrison County Sheriff Department. He is legally responsible for the overall operation of the Department & each institution under its jurisdiction, including Harrison County Jail.

Defendant, Investigator Pennington is the lead investigator of the incident of 3/31/25. He is responsible (legally) for the operation of the Harrison County Sheriff deputies search & seizures.

Defendant(s), Deputies Unknown is a Harrison County Sheriff deputies and aided and assisted Investigator Pennington in such a fraudulent seizures, and was also assigned to take Plaintiff into custody.

Each defendant is sued individually & in their official capacity. At all times mentioned in this complaint, each defendant acted under the color of state law.

Under Tort Law the tortfeasor(s) (Harrison County Sheriff & his deputies) hurt the plaintiff & caused damages, in they intended to do so, by finacially, mentally, & emotionally detaching plaintiff from the life in which he was building with his family after a long term in prison. On 3/31/25 a violent crime was committed in the Harrison County area of Canal Rd, plaintiff was connected to said crime by way of a cellphone device that was lost, missing, or stolen to the plaintiff prior to the 3/31/25 incident. On 4/2/25 plaintiff and his lady leased a 2013 Lexus from Value Motors w/ a $2000 down payment. On 4/3/25 plaintiff contacted his federal probation officer Brandon Bang via phone, because on the night prior plaintiff had contact w/ law enforcement. Plaintiff & P.O. Bang agreed to meet at a labor finder on Pops Ferry Rd, named Express. Upon arrival P.O. Bang had with him the Harrison County Sheriff Dept. Once plaintiff was informed of the nature of the visit plaintiff involked his 5th amendment rights, denying any involvement in the matter, as well as providing his p.o. & deputies with an alibi for the entire time of the crime. Deputies on the scene started to search the Lexus and made various comments such as "yes this is it", "oh look here it's the same as the car in the survelliance video". At which point informed plaintiff that they indeed had a warrant to search & seize the vehicle. Plaintiff demanded a copy of the warrant but was refused & denied. And so the Lexus was taken.
The next several days that followed plaintiff took finacial lost after lost. The tort feasors not only searched & seized (illegally) and if not searched, definitely seized, plaintiffs Lexus, two cellphone devices, & a multitude of keys including a 2012 Mazda 6 key, a 2012 chevy camaro key, plaintiffs wallet with all plaintiffs valuable information (bank cards, drivers license, social, insurance cards etc;).
Plaintiff has not only professed his innocence of this crime but has provided law enforcement & his lawyer with more then enough evidence to show & prove that plaintiff should not and according to the law could not be arrested for this crime.
Tortfeasor(s)/ Investigator Pennington still falsely arrested & imprisoned plaintiff for this crime that they (tort feasor) did little to no investigation on, which in turn caused plaintiff to be broadcasted on the news & media outlets slandering his image & reputation. Plaintiff has lost his place of residence at 826 N. Main St Hattiesburg Ms, along with all of his belongings he's spent the last year and a half trying to peice back together after a 10 year federal term.
While incarcerated it is widely rumored that if Harrison County Sheriff Dept.

not the City of Gulfport, pull you over your car is getting towed or seized and will remain in custody for as long as 5 to 6 weeks before releasing it to the towyard which is rumored to be owned by the/a Captin of the Harrison County Sheriff Dept, making the Captin rich beyond measurement, which in turn, said captin pays his deputies bonus fees for any & all vehicles they tow using his tow company. Plaintiff is aware of such rumors, however plaintiff is left to wonder how is this rumor not true when he himself has become a part of this rumor, seeing that his Lexus was not involved in the alleged crime in no kind of way. Coupled with the plaintiff's first hand experience and interaction with more than 10 different men whom this happen to, the above information is provided "Upon information and belief." Exhibit(s) will follow.

### Legal Claims

The seizure & arrest violated plaintiff Octavia Jermaine Winters rights & constituted a illegal seizure, a due process violation, & cruel & unusual punishment under the 4th, 5th, 8th, & 14th amendments of the United States Constitution.

When committing such actions defendants did so in their offical capacities and intended to do so, because when seizing the Lexus they were making statements and comments that clearly show that either a) they did not investigate at all, cause had they done so, they would have known that on 3/31/25 the car that they are claiming was involed in a crime was parked on a car lot or b) that these committs & statements they knew to be false, but still proceeded to frame the plaintiff.

Investigators possession of the items are illegal because it clearly exceed the scope of the timeframe of any warrant (assuming there is a warrant), and that no such warrant nor confication order was given to plaintiff & plaintiff did not give any consent to these items being taken.

Investigator Pennington had an obligation to inform plaintiff of the items he sought to keep as evidence & why he was keeping them. The 4th & 14th amendment coupled w/ the 5th amend prohibits a state from depriving "any person of life, liberty, or property, without due process of the law." These rights were violated, the items mentioned were conficated/seized without proper notice, nor consent causing plaintiff to loose a his 2013 Lexus, his place of residence, all of his belongings that were inside of the residence (cloths, shoes, t.v., dressers, bed, couches, food ect;), plaintiff title to his Mazda, birth certificate & a plethra of other important items that were inside of the resident that held sentimental value (priceless value), due to the Harrison County Sheriff's Dept holding the plaintiffs belongings. Plaintiff can't contact landlord because landlord contact info is in the seized phones. Plaintiff can't pay his rent due to not only being incarcerated, but Inv.'s holding plaintiff's

banking information, I.D., and social ect; ect;.
Plaintiff was not informed of this seizure & the procedural due process of the 4th amend provides him with such an amount of protection that has made Investigators action more than negligent, but rather intentional. The 4th amend declares a hearing should have been had on the items, seeing that the items held by Harrison County Sheriffs are not directly nor indirectly tied to the crime at hand.
   Procedural due process has two parts as this court is aware: the 1st) is the showing that one has ▬▬▬▬▬▬ been deprived of a liberty intrest & 2nd) showing that one should have gotten more procedure than one recieved.
   Plaintiffs liberty intrests lies in the fact that his 4th, 5th, 8th, & 14th amend was violated. A 4th amend violation occurred when Investigators held plaintiffs belongings in custody without proper notifications, exceeding the time in which a valid warrant or order would have allowed, making the confication/seizure indefinite.
A 5th amend violation occurred when the item were seized, because the items seized did not have any ties to the crime in question whatsoever.
A 8th amend violation occurred when the actions taken by the Harrison County Sheriff Dept displayed a lack of investigation, by not even trying to make contact with plaintiffs alibis (which plaintiff has multiple), still seeking to seemingly frame and tie plaintiff to this crime, plastering his face all over the news, causing his life to be placed in peril from people thinking he harmed them or ones they loved. Despite the notion of "Innocent until proven guilty". Whats more !?! 8th amend violation occurred when defendants seized the 2013 Lexus, claiming, swearing, under oath & testimony that they infact had somehow observed said car in or around the crime scene which occurred on 3/31/25, despite the plaintiff having purchased the vehicle days after the crime, 4/2/25. 8th amend continued to be violated when other items such as car keys, wallet, & the two cellphone devices were seized for no apparent reason, causing plaintiff to lose, lose, & lose.
It is clear that Harrison County Sheriff dept's intentions were to cause plaintiff finacially, mentally, & emotionally. Which is cruel & unusual.
The plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs described herein. ▬▬▬▬▬ Plaintiff has been & will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

### Prayer for Relief
WHEREFORE, plaintiff respectfully prays this court enter judgment granting plaintiff:

A declaration that the acts & omissions described herein violated plaintiff's rights under the constitution & laws of the United States.

A preliminary & permanent injunction ordering defendants, Harrison County Sheriff's Department to return the two cellphone devices, all the keys icluding the two car keys & a slew of house keys.

Compensatory damages in the amount $115,000 against each defendant, jointly & severally.

Punitive damages in the amount $75,000 against each defendant deputy & Sheriff and the amount of $500,000 against defendant Harrison Sheriff Department.

A jury trial on all issues triable by jury

Plaintiff's cost in this suit

Any additional relief this court deems just, proper, & equitable.

Dated: 5/1/25

Respectfully Submitted

10451 Larkin Smith Dr.
Gulfport, MS 39501

## Verification

I have read the foregoing complaint and hereby verify that the matter alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the forgoing is true & correct.

Executed at:
Gulfport, Mississippi
date: 5/1/25

Octavia Jermaine Winters